[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 187.]

OFFICE OF DISCIPLINARY COUNSEL *v.* KRAIG.

[Cite as *Disciplinary Counsel v. Kraig*, 1998-Ohio-640.]

*Attorneys at law—Misconduct—Indefinite suspension with credit for time served—Conviction of conspiracy to impede the collection of income taxes.*

(No. 97-1285—Submitted December 9, 1997—Decided March 4, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-05.

————————————

{¶ 1} On February 5, 1996, relator, Office of Disciplinary Counsel, filed a complaint alleging that respondent, Jerry Bernarr Kraig of Cleveland, Ohio, Attorney Registration No. 0012813, was convicted in federal district court of conspiracy to impede the collection of income taxes under Section 371, Title 18, U.S.Code. The judgment was affirmed in *United States v. Kraig* (C.A.6, 1996), 99 F.3d 1361, where the court set out in detail the nature of the conspiracy.

{¶ 2} Relator charged that respondent's felony conviction violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (conduct prejudicial to the administration of justice). On September 14, 1995, pursuant to Gov.Bar R. V(5)(A)(3), we issued an order indefinitely suspending respondent from the practice of law in Ohio. *In re Kraig* (1995), 73 Ohio St.3d 1443, 654 N.E.2d 980.

{¶ 3} On May 13, 1997, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing and found that respondent had been admitted to the practice of law in 1963, and until his conviction respondent had an impeccable reputation as an attorney. The panel

found that in 1982, Reuben Sturman, a pornographer, engaged respondent to act as national litigation coordinator in First Amendment cases on his behalf. In 1985, Sturman was indicted on sixteen counts of tax evasion and related offenses. That same year he asked respondent to aid in communications with a lawyer in creating an estate plan for Sturman's children. The plan involved setting up a Panamanian bearer share corporation and transferring properties owned by Sturman into the corporation, which would then be owned by a trust in Switzerland. Respondent was involved in transferring funds realized from sales of businesses owned by the corporation to bank accounts purportedly owned by the Swiss trust. At the end of 1987, respondent terminated his representation of Sturman to pursue a significant personal injury case, but he did meet with Sturman and the estate planning lawyer to provide background information about the property transfers. Also, until 1991, he continued to send proceeds from Sturman's properties to Switzerland.

{¶ 4} In 1988, respondent became aware that no trust existed, and in 1991, he first became concerned that through the purported trust and other devices, Sturman was engaging in criminal activity to evade taxes.

{¶ 5} The panel found that in January 1995, respondent was indicted by a federal grand jury for conspiracy to impede the collection of income taxes, and was tried and convicted in April 1995 and incarcerated in a federal prison. It further found that while respondent did not personally open the Swiss bank accounts or set up the shell corporations, he knew of their existence and function.

{¶ 6} The panel concluded that respondent had violated the Disciplinary Rules as charged. In mitigation, the panel received testimony about respondent's fine character and excellent reputation for truth and honesty. It found that although respondent had been sentenced to thirty months in prison, his incarceration was shortened to twenty months for good behavior. On the basis that respondent's violations were the result of omission rather than commission, the panel

recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Henry A. Hentemann* and *Mary L. Cibella,* for respondent.

_____

***Per Curiam.***

**{¶ 7}** We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio with credit pursuant to Gov.Bar R. V(8)(D) for time served. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents because she would not give credit for time served.

_____